UNITED STATES DISTRICT COURT
FOR THE  DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| JAMES MARION GIBBS, JR., | ) | Civil Action No.:    2:26-cv-2442-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR PERSONAL INJURY UNDER
## THE FEDERAL TORTS CLAIMS ACT

The Plaintiff brings this Complaint against the above-named Defendant and would respectfully show unto this Honorable Court as follows:

### NATURE OF THE CASE

1.     This is a negligence action claiming damages suffered by Plaintiff James Marion Gibbs, Jr., arising from injuries sustained due to the negligence of the South Carolina National Guard, through its Agent-Operator, who was operating a military convey vehicle with a known braking deficiency.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1346(b)(1) and §2674 because Plaintiffs seek to recover monetary damages for personal injury caused by the wrongful acts and omissions of employees of the government while acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to the claimants in accordance with the law of the place where the act or omission occurred. A private person under the law of South Carolina would be liable for negligently injuring Plaintiff under the circumstances alleged in this Complaint.

3.    Plaintiff timely filed a Standard Form 95 on June 5, 2025, pursuant to the requirements of the Federal Tort Claims Act, which was acknowledged in writing as having been received by the Department of the Army's United States Army Training Center and Fort Jackson Office of the Staff Judge Advocate on October 13, 2025. The Department of the Army's United States Army Training Center and Fort Jackson Office of the Staff Judge Advocate have failed to make a final disposition of the claim within six (6) months after said filing, rendering the claim denied pursuant to 28 U.S.C. §2675 and freeing Plaintiff to file this suit against the United States of America.

## JURISDICTION AND VENUE

4.    The acts and omissions complained of herein by the Defendant occurred within Charleston County, South Carolina, thus rendering jurisdiction and venue proper within this Court pursuant to 28 U.S.C. §1402(b).

## PARTIES

5. The Plaintiff, James Marion Gibbs, Jr., was injured by the South Carolina National Guard through its Agent-Operator's negligence in operating a military convey vehicle with a known deficiency of its brakes.

## STATEMENT OF FACTS

6. On June 28, 2024, Mr. Gibbs was stopped for traffic in the first lane on Ashley Phosphate turn lane for cross county southbound.

7. The Agent-Operator was traveling in the same lane in a military convey vehicle with a known braking issue, and owned by the National Guard.

8. As a result of these braking issues, the Agent-Operator could not bring the vehicle to a stop, resulting in its slamming into the rear of Mr. Gibb's vehicle.

## FOR A FIRST CAUSE OF ACTION
### (Negligence/Gross Negligence/Recklessness)

9. Plaintiff reiterates each and every allegation contained in the preceding paragraphs as if repeated verbatim therein.

10. Agent-Operator owed a duty to Plaintiff to operate his vehicle in a reasonable and safe manner so as not to cause injury to Plaintiff and other travelers.

11. Agent-Operator was negligent, grossly negligent, wanton, reckless, and breached his duty to Plaintiff by his acts and omissions in the following particulars, each of which being sufficient to support the relief sought:

   a. In operating his vehicle in a dangerous and/or unsafe manner;

   b. In operating his vehicle in a reckless manner;

   c. In failing to maintain a proper lookout;

   d. In failing to keep his vehicle under proper control;

   e. In failing to avoid hitting Plaintiff;

   f. In operating a vehicle he knew or should have known had deficient brakes; and

   g. In other such particulars that may be shown in the trial of this matter.

12. As a direct and proximate result of the aforesaid negligent, grossly negligent, careless and reckless acts and omissions of Defendant, Plaintiff suffered bodily injuries, property damage, and the loss of use of his vehicle.

WHEREFORE, Plaintiff prays for judgment against the Defendant for actual, consequential, and compensatory damages, for the costs of this action, and for such other and further relief as this Court may deem just and proper.

LOFTON & LOFTON, P.C.

By:    s/Lionel S. Lofton
        LIONEL S. LOFTON
        FRANCES CAIN-LOFTON
        CHRISTIAN C. LOFTON
        225 Seven Farms Drive, Suite 109
        Charleston, SC 29492
        (843) 722-6319 office
        (843) 722-6372 facsimile
        Lofton@loftonandlofton.com

        COUNSEL FOR PLAINTIFF

Charleston, South Carolina

June 15, 2026